Guy Gilbert Ribaudo, J.
Plaintiffs sue to recover the sum of $3,000 allegedly due them by the terms of a written contract. The defense alleges that plaintiffs have been paid all moneys due under the written contract.
The contract is in the form of a letter dated January 30, 1956 written by defendant to plaintiffs in connection with publication of a magazine entitled Abbott and Costello Comics, and accepted by plaintiffs.
Paragraph fifth in substance provides that defendant agrees to publish at least six issues during the year. Three thousand dollars was paid upon the signing of the agreement which represented a nonreturnable advance of $1,000 against set royalties for each issue to be published February, April and June, 1956. By July, 1956 a further sum of $3,000 was to be paid to represent in each instance a nonreturnable advance of $1,000 each against royalties which may become due to plaintiffs in connection with the sale of each of the three issues to be published during the period August, October and December, 1956. In the event defendant desired to publish more issues it could do so upon obtaining the prior consent in writing of plaintiffs.
*571 Nothing is said as to the failure to publish less than six issues. Defendant at the trial contended that because of the poor sale on the first three issues it did not publish the second three issues.
Paragraph 9 of the agreement, npon which defendant relies reads as follows: “9. In the event we breach any terms or conditions of this agreement or fail to render true and accurate statements if and when called for or fail to pay you the monies due hereunder in the amount and at the time provided, and any such default is not cured within ten (10) days after written notification by you to us that such default has been committed, or in the event we shall reorganize or file a petition in bankruptcy or be adjudged a bankrupt, or make an assignment for the benefit of creditors or become insolvent, or if a receiver is appointed for our property, then upon the happening of any such events, this agreement shall automatically and without further notice cease and terminate and thereupon neither we, nor our representatives, receivers, trustees, agents and successors shall thereafter have any further right to publish, sell or deal in or with magazine issues for which your names, characters, and all other matters are licensed under the terms of this agreement. A termination of this agreement under the provisions of this paragraph or otherwise shall not in any manner affect the retention of any or all monies or royalties theretofore paid to you and shall not in any manner affect our obligation to account for and pay over to you any monies due by reason of the publication and sale of copies published prior to the termination hereof. ’ ’
Defendant in its brief asserts that paragraph 9 clearly limits the damages to be paid by defendant to plaintiffs in the event that defendant elected not to complete the agreement.
The court does not so construe paragraph 9. It is true as defendant contends that in the event of a breach by defendant of the terms of the agreement, the agreement was to terminate. But it is also clear that upon such termination the remedies were fixed, that is, defendant shall not thereafter have any right to publish, sell or deal in or with the magazine issues for which plaintiffs’ names were licensed.
Nowhere in said paragraph does it appear that defendant was given an election not to complete the contract. It would have been simple to set forth in the contract that in the event defendant as publisher had the right to discontinue publications if no profits resulted and upon such termination the contract *572 would terminate, and neither have any rights against the other except to account for any profits on the published issues.
Nor can it be said as asserted by defendant that the parties anticipated that there might be only three issues published. If that were so, there would have been no necessity, as set forth in paragraph five for defendant to agree to publish at least six issues. It could have agreed to publish three issues and have an option to publish three more.
Moreover, the defendant could, if that were the intention as asserted in the contract have provided that the first $3,000 installment should be the limit of its liability in the event it decided not to publish more than three issues of the magazine. But no such language was used, and defendant gave itself the right to publish more than six issues if it had the written consent of plaintiffs. But nowhere did the contract provide or imply that defendant could publish less than six issues.
The contention of defendant would cause the contract to have a strained meaning. It is now attempting to remake the contract because it made a bad bargain.
Judgment for plaintiff for $3,000, together with interest from July 1, 1956. Ten days’ stay.